UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:21-CV-81929-DMM

JONATHAN KAPPOCK,

    Plaintiff,

v.

INGALLS MARINE DIESEL, INC., a Florida Corporation and MATTHEW INGALLS, Individually.

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF
SETTLEMENT AND FAIRNESS DETERMINATION**

Plaintiff, Jonathan Kappock, and Defendants, Ingalls Marine Diesel, Inc. ("Defendant Ingalls Marine Diesel") and Matthew Ingalls ("Defendant Ingalls") (collectively referred to as "Defendants"), hereby file this Joint Motion for Approval of Settlement and Fairness Determination. In support of their joint motion, the parties state as follows:

1. On October 28, 2021, Plaintiff filed the instant Complaint alleging claims of unpaid overtime in violation of the Fair Labor Standards Act. *See* [D.E. 1]. In his Complaint, Plaintiff alleges he worked on average approximately 40-50 hours per weeks and further contends Defendants failed to pay him for all hours worked in excess of forty (40) hours in a workweek. *Id.* Plaintiff intended on bringing claims for defamation, unpaid wages (commissions), common law torts, and alleged retaliation in violation of Florida's Whistleblower Act.

2. On November 10, 2021, Defendants filed their Answer and Statement of Defenses. [D.E. 7]. Defendants deny they violated the FLSA or that Plaintiff is entitled to

recover any unpaid overtime compensation. *Id.*

3. On January 18, 2022, Plaintiff filed his Statement of Claim alleging during his employment with Defendant Ingalls Marine Diesel (1) he performed worked off the clock; (2) he worked on approximately 44.25 hours of overtime; and (3) earned $7,200 in commissions which Defendants allegedly did not pay to Plaintiff. *See* [D.E. 21].

4. On January 25, 2022, Defendants filed their Response to Plaintiff's Statement of Claim ("Response") wherein they Defendants denied any liability or any wrongdoing, denied they failed to pay Plaintiff for all hours worked more than forty (40) hours per week, and denied Plaintiff was owed any commission or Defendants failed to pay him commission earned during his employment with Defendant Ingalls Marine Diesel. [D.E. 22].

5. Plaintiff was employed by Defendant Ingalls Marine Diesel from August 25, 2020 until January 21, 2021. *Id.* at ¶2. Plaintiff's hourly rate of pay was $30/hour. *Id.*

6. Defendants Response attached a chart showing all hours allegedly worked by Plaintiff while he was employed by Defendant Ingalls Marine Diesel. *Id.* at ¶3. In their Response, Defendants contend Plaintiff's pay records revealed he was paid 54.02 hours of overtime while employed by Defendant Ingalls Marine Diesel. *Id.*

7. However, Plaintiff maintained that Defendant failed to pay him for approximately 44.25 hours of overtime during his employment. This action contained hotly disputed issues about (a) whether Plaintiff had any unpaid overtime hours under the FLSA, and if so, how many; (b) whether any violation of the FLSA, if one occurred, was "willful" and/or whether Defendant's actions were in good faith; and (c) whether Defendants complied with FLSA recordkeeping requirements.

8. The Parties have exchanged substantial information, engaged in substantial informal and Court-directed discovery, and are familiar with all of the legal issues presented. Plaintiff's deposition was taken for half the day; however, the Parties decided to make a good faith attempt at resolution of this dispute and were able to reach a resolution. The Parties have executed a Confidential Settlement Agreement and General Release. Pursuant to this Court's Order, a copy of the Parties Agreement will be transmitted to Judge Matthewman for *in camera* review.

9. The Parties have reached what they believe to be a fair and reasonable agreement to settle this case and avoid uncertainty, time, and expense of further litigation. Plaintiff is receiving a reasonable and satisfactory recovery of an agreed upon sum for the claims he has asserted in this action. The settlement payments to be made to Plaintiff will include an agreed upon sum for unpaid wages plus an equal amount for liquidated damages. Plaintiff will also receive separate consideration for the mutual general release, mutual confidentiality, and mutual non-disparagement provisions. The consideration for the provisions was separately negotiated without regard to the amount to be paid to Plaintiff on his FLSA claims.

10. The settlement amounts to be paid to Plaintiff were negotiated separately from the settlement amounts to be paid to Plaintiff's counsel for attorneys' fees and costs. In addition, the Agreement fully satisfies Plaintiff's attorneys' fees and costs, and no amounts will be deducted from the amounts paid to Plaintiff to satisfy his attorneys' fees and costs.

11. Plaintiff and Defendants acknowledge and agree that the above settlement represents a fair and reasonable compromise between both Parties over the disputed claims in this case. Accordingly, the Parties respectfully request that the Court enter an Order granting

the Parties' Joint Motion, approving the settlement, and dismissing Plaintiff's lawsuit with prejudice, without any separate taxing of costs or attorneys' fees.

## II.  MEMORANDUM OF LAW

### A.  Legal Principles

A compromise of a claim under the FLSA requires court approval to ensure that the settlement agreement provides a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging [the] settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-CV-60322, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010).

### B.  All of the Relevant Criteria Supports Final Approval of the Settlement

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff appeared fair. See Helms v. Central Fla. Reg. Hosp., No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at 11-12 (M.D. Fla. 2006). Here, each party was independently represented by legal counsel with experience in litigating claims under the FLSA. Counsel for the parties was obligated to, and did, vigorously represent their

clients' rights. It is clear there is no fraud or collusion based on the representation of the parties and the amounts to be paid to Plaintiff.

The remaining factors weigh in favor of approving this settlement. The present claim involved a complex factual dispute. If the Parties continued to litigate this matter, they would be forced to engage in protracted litigation, at a cost many times that of the amount claimed by Plaintiff, with an outcome that remained uncertain for both parties. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

Further, the Parties informally exchanged information regarding the documents each party had regarding the claims in this matter before reaching any agreement. The exchange of information regarding these documents resulted in the exchange of considerable facts, supporting evidence, and legal theories regarding the claims and defenses of the Parties. The Parties reached a settlement only after conducting an adequate investigation of the disputed claims and engaging in an educated and informed analysis of the issues.

Lastly, the probability of success on the merits and the range of possible recovery also supports approval of the settlement. The Parties meaningfully disagreed over the number of hours claimed, a key issue that has been disputed from the inception of the case, and the records of hours worked as reported by Plaintiff. The Parties exchanged conflicting evidence and numerous legal arguments and authorities on the issue. Plaintiff and Defendants continue to disagree over the merits of the claim asserted by Plaintiff, and both offered facts and evidence to support their respective positions. As such, Plaintiff's probability of success on the merits and the range of possible recovery are uncertain, further suggesting that this settlement is fair, reasonable, and appropriate.

Pursuant to the settlement reached, Plaintiff will receive separate consideration for the

mutual general release, mutual non-disparagement, and mutual confidentiality provisions contained in the Agreement. The Parties submit these clauses were considered and negotiated separate and are supported by separate consideration. These provisions were a critical part of Defendants' decision to resolve this matter. Likewise, the mutual confidentiality and non-disparagement provision along with the neutral reference provision was a critical part of Plaintiff's decision to resolve this matter. The Parties believe these provisions are fair, reasonable, and appropriate in this matter and should be approved by the Court because they are supported by separate consideration.

For the reasons set forth above, this Court should grant the Parties' Joint Motion and approve the FLSA Settlement as all relevant factors to be considered by this Court support the conclusion that the Parties' FLSA Settlement constitutes a fair and reasonable resolution of a bona fide dispute.

> **C.** **This Court Should Grant the Parties' Joint Motion and Approve the FLSA Settlement as the Proposed Attorneys' Fees are Reasonable.**

This Court should approve the Parties' FLSA Settlement because the Parties agreed upon Plaintiff's attorneys' fees separately and without regard to the amount paid to the Plaintiff under the Parties' settlement agreement. As the Court explained in *Bonetti v. Embarq Management Co.*, where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, . . . the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel" unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney. 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009)

Here, the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. The agreed upon amount of attorneys' fees and costs to Plaintiff's counsel is for her representation of Plaintiff through the conclusion of the settlement, which was considered and negotiated separately from and without regard to the amount paid to Plaintiff to settle his FLSA claim. Plaintiff submits that his recovery was not adversely affected by the amount to be paid to his attorney. The settlement is reasonable, and therefore, the Parties respectfully request that this Court approve Plaintiff's attorneys' fees without separate consideration of the reasonableness of the fee to be paid to Plaintiff's attorney. *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Accordingly, the Parties respectfully submit that the amount separately negotiated for Plaintiff's attorneys' fees and costs is fair and reasonable and should be approved.

## **CONCLUSION**

For the reasons set forth above, this Court should approve the Parties' FLSA Settlement as the terms of the terms of the settlement are fair, reasonable and adequate. All the factors to be considered by the Court in deciding whether to approve the settlement weigh in favor of finding that the Parties FLSA Settlement is fair and reasonable. Similarly, this Court should grant the Parties' Joint Motion and approve the Parties' FLSA Settlement because the amount for Plaintiff's attorneys' fees in this case was negotiated separately and without regard to the amount to be paid to Plaintiff, and the settlement is fair and reasonable.

WHEREFORE, the Parties respectfully request this Court enter an Order: (1) granting their Joint Motion for Approval of the FLSA Settlement (2) approving the Parties' Settlement Agreement; (3) dismissing this case with prejudice, without taxing for attorneys' fees and costs; and (4) granting such other relief this Court deems just and proper.

Respectfully Submitted on this 9th day of May, 2022,

| **THE KLEPPIN FIRM, P.A.** | **LITTLER MENDELSON, P.C.** |
|---|---|
| */s/ Allyson Morgado* | */s/ Lauren C. Robertson* |
| Chris Kleppin | Kimberly J. Doud |
| Fla. Bar No. 625485 | Florida Bar No. 0523771 |
| ckleppin@gkemploymentlaw.com | kdoud@littler.com |
| Allyson Morgado | Lauren C. Robertson |
| Fla. Bar No. 91506 | Florida Bar No. 1024845 |
| amorgado@gkemploymentlaw.com | lcrobertson@littler.com |
| 8751 W. Broward Blvd., Suite 105 | 111 N. Orange Ave., Suite 1750 |
| Plantation, FL 33324 | Orlando, FL 32801 |
| Tel. (954) 424-1933 | Tel: 407-393-2928 |
| Fax (954) 474-7405 | Fax: 407-393-2929 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 9th day of May, 2022, a true and correct copy of the foregoing was filed via the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to Counsel of Record.

*/s/ Lauren C. Robertson*
Lauren C. Robertson

4879-1002-1919.1 / 113905-1002