UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 21-cv-81929-Matthewman

JONATHAN KAPPOCK,

    Plaintiff,

vs.

INGALLS MARINE DIESEL, INC
and MATTHEW INGALLS,
    Defendants.
_____/

### ORDER GRANTING THE PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT AND FAIRNESS DETERMINATION [DE 33], APPROVING SETTLEMENT, AND DISMISSING ACTION WITH PREJUDICE

**THIS CAUSE** came before the Court upon Plaintiff Jonathan Kappock ("Plaintiff") and Defendants Ingalls Marine Diesel, Inc. and Matthew Ingalls' (collectively, "the parties") Joint Motion for Approval of Settlement and Fairness Determination ("Motion") [DE 33]. In the Motion, the parties seek an Order approving their settlement and dismissing this action with prejudice.[1] *Id.* The parties also submitted for *in camera* review the fully executed Settlement Agreement.[2]

The Court held a fairness hearing via Zoom video teleconference (VTC) on May 16, 2022, during which the Court heard from the parties' counsel regarding the fairness of the settlement of Plaintiff's claims alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* All parties' counsel represented that the settlement is fair and reasonable and that Plaintiff

---

[1] Although the parties did not request in their joint motion that the Court reserve jurisdiction to enforce the terms of the settlement agreement, Plaintiff's counsel did orally counsel that the Court do so during the May 16, 2022 Zoom video teleconference hearing. Upon consideration, the Court will retain jurisdiction to enforce the terms of the settlement agreement.

[2] Immediately following the Zoom video teleconference hearing, Plaintiff's counsel supplemented the parties' Settlement Agreement with an additional page containing Plaintiff's initials and signature, as such page—page 3 of 14—had previously been missing Plaintiff's initials. The Court has now reviewed that additional initialed page.

and Defendants are in agreement with the terms of the settlement.

The Court has reviewed the Motion, the Settlement Agreement (with the supplemented page), and the entire file in this case, has considered all of the factors outlined in *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353 (11th Cir. 1982), and is otherwise fully advised in the premises. The Court finds that the settlement in this case represents a genuine compromise of a bona fide dispute, with all parties represented by competent counsel. Plaintiff is being paid an amount he believes he is owed well prior to the trial date. The parties have agreed to settle due to reasonable strategic and financial considerations. The Court further finds that the settlement, including the attorney's fees and costs, reached by the parties represents a reasonable, arm's length compromise by both sides and is fair and reasonable. Based on the foregoing, it is hereby

**ORDERED and ADJUDGED** as follows:

1. The Court finds the settlement of Plaintiff's FLSA claims to be fair and reasonable. The Court also finds that the settlement meets the standard set forth in *Lynn's Food Stores, Inc.* Accordingly, the Motion [DE 33] is **GRANTED**.
2. The parties' settlement is **APPROVED**.
3. The Court retains jurisdiction to enforce the terms of the parties' settlement agreement should such enforcement become necessary.
4. The above-style action is **DISMISSED WITH PREJUDICE**.
5. All remaining pending motions are **DENIED AS MOOT**.
6. The Clerk of Court is directed to CLOSE this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 17th day of May, 2022.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge